**Ishmael BAKER, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. 4631.**

Supreme Court of Alaska.

Nov. 16, 1979.

1. Baker was given a breathalyzer test within approximately one hour of the occurrence. The test yielded a result of .21 percent blood alcohol.

John Hagey, Asst. Public Defender, Fairbanks, and Brian Shortell, Public Defender, Anchorage, for appellant.

Harry L. Davis, Dist. Atty., Fairbanks, and Avrum M. Gross, Atty. Gen., Juneau, for appellee.

Before RABINOWITZ, C. J., and CONNOR, BOOCHEVER, BURKE and MATTHEWS, JJ.

## OPINION

PER CURIAM.

A twenty-four year old man, Ishmael Baker, was sitting at a phonograph booth in the public library of Fairbanks, Alaska.[1] A six year old boy came up to him and asked him if he had seen the boy's cut-out paper cat, which was mislaid.

Baker said he had not seen the cat. He picked the boy up and set him down on a shelf of the booth and began tickling him about the midriff. He pulled the boy's shirt up, unzipped his fly, and tickled his penis.

The boy's mother came by, looking for him. She saw the boy's head above the side of the booth and called to him. When he did not immediately come to her, she approached; Baker put the boy down and she saw her child's clothes mussed and fly unzipped.

Baker denied any wrongdoing. He was indicted for committing a lewd and lascivious act on a child, in violation of AS 11.15.-134.[2] He was tried and convicted by a jury

2. AS 11.15.134(a) provides:

    A person who commits a lewd or lascivious act, including an act constituting another

and sentenced to four years imprisonment. He appeals the sentence.

Baker's prior record includes a felony and several misdemeanors as well as numerous juvenile incidents. A psychological evaluation performed prior to sentencing indicates Baker suffers from chronic undifferentiated schizophrenia. The psychiatrist says he has a "chronic, severe psychiatric disorder," a "major psychosis" and is "potentially dangerous." Baker is also an alcohol abuser, who is an unskilled laborer and has a sparse and sporadic employment history.

A substantial prison term with appropriate rehabilitative efforts will serve both the constitutional goals of sentencing: reformation and protection of the public. Baker is clearly in need of substantial rehabilitative efforts, and he is equally clearly a continuing threat to the public security. The sentence imposed included an order that Baker be given psychiatric treatment while incarcerated. We believe it should also have included a recommendation that alcohol rehabilitation treatment be provided, and should be modified accordingly.

The sentence is AFFIRMED, and the case REMANDED for entry of a modified judgment.

crime, upon or with the body of a child under 16 years of age, intending to arouse, appeal to, or gratify his lust, passions, or sexual desires, or the lust, passions, or sexual desires of the child is punishable by imprisonment for not more than 10 years nor less than one year.